ELLIS, Judge:
This is a suit by Thomas Kier Maddox for benefits under a group life insurance policy, written by Pan American Life Insurance Company, which allegedly covered the life of his deceased wife, Mary Maddox. After trial on the merits, judgment was rendered in favor of plaintiff, and Pan American has appealed.
Mrs. Maddox was a long-time faculty member at Southeastern Louisiana University. For many years prior to July 1, 1970, employees of Southeastern were eligible for group life insurance under a policy written by the Prudential Insurance Company of America, and Mrs. Maddox had enjoyed this coverage. On July 1, 1970, the State of Louisiana Employees’ Uniform Group Insurance Program went into effect, which included the group life insurance policy in question herein.
On May 7, 1970, Mrs. Maddox executed the following authorization:
“I hereby authorize and request you to deduct from my salary, until further notice, the fees necessary for my coverage under the State of Louisiana Uniform Insurance Program provided by Blue Cross and/or Pan American Life Insurance Company. Contract is to be effective 7-1-70.
Such deductions shall cease upon termination of my employment or upon written notice by me 30 days prior to the next due date for deduction.”
The record shows that premiums for the life insurance coverage were paid by Mrs. Maddox for the months of July, August, September and October, 1970, the payments having been deducted from her salary. On October 1, 1970, Mrs. Maddox received the following communication from the auditor of Southeastern:
“Your new insurance became effective July 1, 1970. Since you are employed on a nine months basis, your annual premiums will be deducted in nine installments. In order to bring your premiums up to date it was necessary to deduct from your October 1 check for the months of July, August, September, and October. Hereafter we will deduct % of your annual premium from your checks through May, 1971. At that time your premiums will be paid through September 30, 1971. If you have a credit, no deductions will be made until the credit is used up. . . ”
The above document shows that there was a credit in Mrs. Maddox’s account, sufficient to cover the payments, as of July 1, 1970.
In April, 1970, Mrs. Maddox became ill and was hospitalized. However, it does not appear from the record that she did not complete her work in the 1969-70 school year. She requested and received an 18 week leave, with pay, beginning on September 9, 1970. On October 11, 1970, she died.
Pan American has denied benefits under the policy on the basis that Mrs. Maddox was at no time eligible for coverage under its policy, which provides:
“The classes of employees eligible for insurance hereunder shall be as follows: “All active full time employees, except temporary, part time employees and employees of the Louisiana State University System. ‘Active full time employee’ means an employee working not less than 30 hours per week.
******
“Each present employee is eligible for insurance on the Policy date, . However, the date of eligibility of any employee who is not actively working on *892 the date he would otherwise be or become eligible shall be the day of his return to active work.”
If the foregoing provisions are applied literally to Mrs. Maddox, we have no doubt that she was never covered by , the policy, because she was never an “active full time employee” as above defined, after July 1, 1970. However, we do not believe that the eligibility provisions of the policy should be so applied to those in Mrs. Maddox’s position.
It must be recalled that the master policy was written to cover all employees of the State of Louisiana, most of whom work a 12 month year. Mrs. Maddox and those similarly situated, work a nine month year when fully employed. The policy provides that coverage terminates on the date of termination of employment, which the policy says takes place “if the employee is absent from active work for any reason other than being pensioned or retired.”
Therefore, a nine month employee, who pays premiums for 12 months of the year, would have no coverage during the three month summer vacation, or even during the Christmas holidays and the spring recess. We think that neither the State nor Pan American contemplated such an absurd result, and that the eligibility and termination of employment provisions of the policy were not written with the teaching personnel of a university in mind.
We think that the fact that Mrs. Maddox was carried as a covered employee, that her premiums were accepted, and that she was advised that her coverage began on July 1, 1970, all tend to show that it was not contemplated that her coverage would not begin until the start of the fall semester.
Regardless of the state of her health, we are of the opinion that Mrs. Maddox, a fully tenured professor, was a full time, active employee of Southeastern on July 1, 1970, because she had performed the duties required of her as such until and after that date. We think that the definition of active full time employee in the policy was designed to exclude part time employees, and not those who, although not actually working a 12 month year, are bona fide full time employees of the State or one of its agencies.
The judgment appealed from is therefore affirmed, at the cost of Pan American.
AFFIRMED.